**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

                  **Plaintiff,**

-vs-                                              **Case No. CR-3-05-118**

**ROBERT S. BROWN**

                                             **District Judge Thomas M. Rose**
                **Defendants.**
_____

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW AND
REVOCATION OR MODIFICATION OF DETENTION ORDER (Doc. #9)**
_____

       This matter comes before the Court pursuant to the Defendant's Motion for Review of Detention Order (Doc. #9) filed August 18, 2005. That Motion requests the Court, pursuant to 18 U.S.C. Sections 3145(b) to review and revoke the order of detention previously issued by the Magistrate Judge in this case. As an alternative, the Defendant requests the Court to review and amend the Order of Detention.

       Under 18 U.S.C. Section 3145(b) if a person is ordered detained by a magistrate judge, that person may file, with the Court, a motion for revocation or amendment of the order.

       In this case, the Defendant contends that he has permission to live with his Aunt Agnes Cooper, 920 Pimlico Drive, Dayton, Ohio while this case is pending. The Court has confirmed that the Defendant indeed has permission to live with Ms. Cooper during this time period. The Defendant based upon this permission, contends that there are conditions of release that would assure his appearance as required and the safety of any other person and the community.

Under 18 U.S.C. Section 3142(f), the Court must make a determination whether any condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

In doing so, this Court has considered the Defendant's permission and ability to reside with his Aunt.  However, the Court has considered this factor along with the many other factors enumerated under 18 U.S.C. Section 3142(g) including the nature and circumstances of the offense charged as well as all of Defendant's history and characteristics.

The Pretrial Services Report reflects that Defendant has accumulated a lengthy criminal history, both as a juvenile and as an adult.  This history extends back to February of 1982.  The Court would further note that the Defendant has served extensive time incarcerated as both a juvenile and adult.  Although many of his convictions were for traffic offenses, a significant number were serious violations of law which included drug offenses and offenses where weapons were involved.

Although the Court has considered the Defendant's ability to reside with Ms. Cooper, this factor alone does not outweigh the Court's concern when weighing the other 18 U.S.C. 3142(g) factors.  The Court does not find after a review of the case that there is a condition or combination of conditions that would reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

Defendant's Motion is hereby DENIED.

IT IS SO ORDERED.

November 3, 2005                                          s/Thomas M. Rose

                                                   _____
                                                              THOMAS M. ROSE
                                                     UNITED STATES DISTRICT JUDGE